J. PRESTON ANDREWS, EDNA ANDREWS, LIZZIE ANDREWS AND CARRIE ANDREWS v. NORTH CAROLINA FARM BUREAU MUTUAL INSURANCE COMPANY

No. 7514DC225

(Filed 4 June 1975)

Insurance § 137; Limitation of Actions § 12; Rules of Civil Procedure § 15— action on fire policy — statute of limitations — amendment of complaint — relation back

    In an action on a policy of fire, windstorm and hail insurance, plaintiffs' amendment of their complaint more than a year after the loss related back to the time of filing of the original complaint within the one-year limitation provided in the policy where the original complaint stated a claim for relief but alleged the number of a policy which had been cancelled prior to the loss and the amendment alleged the correct number of an identical policy in effect at the time of the loss. G.S. 1A-1, Rule 15(c).

APPEAL by plaintiffs from *Moore, Judge.* Judgment entered 23 October 1974 in District Court, DURHAM County. Heard in the Court of Appeals 14 May 1975.

On 25 January 1972 plaintiffs commenced an action to recover for damages to certain buildings owned by them. The damages were allegedly caused by a windstorm and rain which occurred on 26 January 1971.

Plaintiffs alleged that they were insured against the loss by defendant. They particularly alleged the policy number (342471) and attached the first page of the policy to the complaint as Exhibit "A".

On 13 March 1972 defendant filed an answer. In response to the paragraphs in plaintiffs' complaint alleging the issuance of the policy insuring the described property against the specified loss, defendant admitted issuing "an insurance policy insuring property as described therein" and that its policy "insures property described therein against damage by fire, windstorm, and hail and other causes." Defendant further admitted that it believed that the roof of the residence of J. Preston Andrews was damaged slightly by wind and the interior received some damage on 26 January 1971.

On 28 March 1972 defendant filed a request for plaintiffs to admit that the numbered policy of insurance as alleged in the complaint had been cancelled effective 12 August 1968.

On 14 April 1972 plaintiffs moved for leave to amend the complaint, stating that:

"2. At the time the plaintiffs' complaint was filed as aforesaid, the plaintiffs were under the impression that the policy number of the insurance policy upon which the complaint is based was 342471, and therefore so alleged, attaching a copy of the first page of said policy to the original complaint. Ordinarily, the plaintiffs' fire and other casualty insurance policies are held by the defendants' local agent in Durham, N. C., and therefore, the plaintiffs did not have a copy of any other policy which might have been in effect at the time of the damage alleged in the original complaint. That subsequent to the filing of the complaint, it was brought to the plaintiffs' attention that in fact a similar and almost identical policy was in effect at the time of the damage alleged in the complaint, but that said policy

was identified by a different policy number than the one alleged in the original complaint. Upon learning of said fact, the plaintiffs searched through their valuable papers and could find no other insurance policy in effect at that time, other than the one alleged in the original complaint.

At that time the plaintiff, J. Preston Andrews, notified the defendant's local agent in Durham, N. C., I. H. Terry, and was informed by Mr. Terry that in fact a copy of another policy was being held by Mr. Terry and that said policy held by Mr. Terry was the one in fact in effect at the time of the damage alleged in the original complaint.

3. Plaintiffs further aver that the incorrect statement of the policy number in the original complaint was a good faith mistake, and was caused by the fact that the plaintiffs had no copy of any other policy which may have been in effect at the time in question, in their possession."

The motion was allowed and on 19 May 1972 plaintiffs filed an amended complaint wherein they struck out paragraph 4 of the original complaint and the attached Exhibit "A" and substituted in lieu thereof the following:

"4. That on or about June 18, 1969, the defendant issued an insurance policy insuring the plaintiffs' above described dwelling, personal property and furnishings contained therein, and said other buildings, as described on the first page of said insurance policy, said policy number being 349191; a copy of the first page of said policy as attached hereto as Exhibit 'A' and is incorporated herein."

Except for the policy number and date of issuance, the new Exhibit 'A' was, in all material respects, identical to the one attached to the original complaint.

Defendant admitted paragraph 4 of the amended complaint.

Defendant pled as a defense the following provision of the policy:

" 'Suit. No suit or action on this policy for the recovery of any claim shall be sustainable in any Court of law or equity unless . . . commenced within twelve months next after inception of the loss."

The case came on for trial on 21 October 1974.

Plaintiffs offered evidence tending to show that plaintiffs' property suffered some loss by windstorm, that plaintiffs immediately notified defendant's agent Terry and that subsequently a Mr. Early, a claims adjuster for defendant, made an investigation and thereafter told plaintiffs that the paperwork had been completed and that he would be back the following week with the check. Thereafter the adjuster advised plaintiffs that the claim appeared to be too high.

Defendant offered evidence tending to show that plaintiffs' loss from the storm was not as extensive as claimed by plaintiffs.

At the end of all the evidence the court granted defendant's motion for directed verdict.

*Powe, Porter, Alphin & Whichard, P.A., by Charles R. Holton, for plaintiff appellants.*

*Spears, Spears, Barnes, Baker and Boles, by Alexander H. Barnes, for defendant appellee.*

VAUGHN, Judge.

We find no merit in defendant's contention that the court could have properly dismissed the action on the grounds that plaintiffs failed to show an insurable interest in the property.

We now consider whether the court should have, as it apparently did, dismissed the action because it was not started within one year of the loss. The "Standard Fire Insurance Policy for North Carolina" must include the following:

"No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless . . . commenced within twelve months next after inception of the loss." G.S. 58-176.

The loss occurred on 26 January 1971. Plaintiffs' original suit was started on 25 January 1972. Defendant contends that suit on the policy actually in effect was not commenced until 19 May 1972, the date plaintiffs filed the amended complaint which was more than one year after the loss.

G.S. 1A-1, Rule 15(c) provides that:

"(c) Relation back of amendments.—A claim asserted in an amended pleading is deemed to have been interposed

Andrews v. Insurance Co.

at the time the claim in the original pleading was inter-
posed, unless the original pleading does not give notice of
the transactions, occurrences, or series of transactions or
occurrences, to be proved pursuant to the amended plead-
ing."

In substance, the original complaint gave defendant fair
notice that plaintiffs claimed that:

(1) plaintiffs owned certain described buildings;

(2) the buildings were damaged by a storm on 26 January
1971;

(3) defendant had issued a policy to insure plaintiffs
against the described loss;

(4) a policy issued by defendant was in effect at the time
of the loss;

(5) plaintiffs had notified defendant of the loss;

(6) after notice and demand, defendant refused to pay
the claim;

(7) defendant was indebted to plaintiffs for the amount
of the loss;

(8) they were entitled to and demanded judgment in the
amount of the loss.

The original complaint, therefore, would not have been
subject to dismissal for failure to state a claim upon which
relief can be granted. It contained a " . . . statement of the claim
sufficiently particular to give the court and the parties notice
of the transactions, occurrences, or series of transactions or
occurrences, intended to be proved showing that the pleader is
entitled to relief, and (2) A demand for judgment for the relief
to which he deems himself entitled." G.S. 1A-1, Rule 8. These
are the same matters plaintiffs undertook to prove under the
pleadings as amended.

When served with plaintiffs' original complaint defendant
knew that plaintiffs claimed a loss to the premises for which
they contended defendant was liable. It knew that a policy num-
bered as alleged in the complaint had been cancelled but also
knew that except for the number, it did insure the described
premises under a policy as alleged in the complaint. This was

adequate notice to allow them to meet the claim as amended. In no way could they have been prejudiced by plaintiffs' mistakingly pleading the number which defendant had affixed to the agreement to insure the premises. It was, therefore, error to dismiss the action and the judgment must be reversed.

Reversed.

Judges BRITT and PARKER concur.